# In the United States District Court for the Southern District of Georgia Brunswick Division

```
CYNTHIA WILLIAMS, Individually
and as anticipated
Administrator of the Estate of
Malcolm Moore,                              CV 2:24-046

     Plaintiff,

v.

T-S MANUFACTURING CO.,
AUTOMATION & ELECTRONICS (USA)
LIMITED, JOHN DOES 1-10, and
ABC CORPORATIONS A-Z,

     Defendants.
```

## ORDER

Before the Court is a motion to dismiss filed by Defendant Automation & Electronics (USA) Limited ("A&E"). Dkt. No. 5. The motion has been fully briefed and is ripe for review. Dkt. Nos. 7, 9. For the reasons stated below, the motion is **DENIED** at this time.

## BACKGROUND[1]

On or about July 6, 2022, Malcolm Moore was killed while at work cleaning around a "De-Scrambler" or "Unscrambler" machine at Beasley Forest Products in Hazlehurst, Georgia. Dkt. No. 1 ¶ 23. Plaintiff Cynthia Williams is the surviving mother of Mr. Moore,

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

who died with no surviving spouse or surviving children. Id. ¶ 1. Plaintiff is also "the anticipated administrator of the Estate of Malcom Moore." Id. ¶ 2. Plaintiff brings against Defendants—who allegedly designed manufactured and sold the descrambler to Beasley—claims of strict liability, id. at 27 (Count I), negligent design and manufacture, id. at 29 (Count II), negligent service and maintenance, id. at 31 (Count III), negligent training and inspection, id. at 32 (Count IV), failure to warn, id. at 33 (Count V), wrongful death, id. at 36 (Count VI), survival injury tort claims on behalf of the estate, id. at 37 (Count VII), and punitive damages, id. at 38 (Count VIII).

Defendant A&E moves to dismiss Plaintiff's complaint, in part, because Plaintiff lacks standing to bring this action. Dkt. No. 5 at 6. A&E points out that Plaintiff is only the "anticipated administrator" of Mr. Moore's estate and argues Plaintiff is therefore not the proper party to bring this action.[2] Id.; see also Dkt. No. 1 at 1. In her opposition brief, Plaintiff confirms she is only the anticipated administrator of Mr. Moore's estate. Dkt. No. 7 at 3. Nevertheless, Plaintiff argues she is the proper party to bring this action to recover for the wrongful death of her son "except as to Count VII, which raises claims on behalf of Moore's estate." Id. at 12.

---

[2] Plaintiff confusingly states later in the complaint that "as the Administrator of Moore's Estate, Plaintiff is entitled to recover all damages to which Moore would have been entitled had he survived." Dkt. No. 1 ¶ 144.

**DISCUSSION**

The Court must determine whether Plaintiff has standing to bring against Defendants the multiple tort claims and wrongful death claim under Georgia law. The Court begins with the wrongful death claim.

"[I]t is certain that the legislature intended that there be a monetary recovery in all instances of the homicide of a child, whether the child is a minor or an adult." Carringer v. Rodgers, 578 S.E.2d 841, 844 (Ga. 2003). "As O.C.G.A. § 19-7-1(c) plainly states, '[i]n every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child . . . .'" Id. "This right of action is vested in the parent or parents when there is no surviving spouse or surviving child of the decedent." Id.[3] Here, Plaintiff has alleged in her complaint that Mr. Moore had no spouse or children at the time of his death. Dkt. No. 1 ¶ 1. Therefore, Plaintiff, as the mother of Mr. Moore, has standing to bring a wrongful death claim.

The Court now turns to Plaintiff's tort claims. O.C.G.A. § 9-2-41 provides:

---

[3] The administrator or executor of a decedent's estate may bring a wrongful-death claim when "there is no person entitled to bring an action for the wrongful death of a decedent." Toomer v. Metro Ambulance Servs., Inc., 875 S.E.2d 479, 485 n.4 (Ga. Ct. App. 2022) (holding that administrator of estate had statutory right to bring a wrongful-death claim because, at the time of decedent's death, he had no spouse or children and his parents were deceased).

3

> No action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of; nor shall any action or cause of action for the recovery of damages for homicide, injury to the person, or injury to property abate by the death of either party. The cause of action, in case of the death of the plaintiff and in the event there is no right of survivorship in any other person, shall survive to the personal representative of the deceased plaintiff.

The Georgia Code defines "personal representative" as "an executor, administrator, successor, personal representative, or the duly qualified and acting personal representative of the estate of a decedent." O.C.G.A. § 29-1-1(15). "Thus, a decedent's torts may be pursued by the estate's personal representative, but not by heirs or a devisee under the will." Matter of Harman, 623 B.R. 654, 659-60 (Bankr. N.D. Ga. 2020) (citing Walden v. John D. Archbold Mem'l Hosp., Inc., 398 S.E.2d 271, 274 (Ga. Ct. App. 1990) (finding that patient's cause of action for negligence and malpractice vested in the administrator of his estate, not his heirs), abrogated on other grounds by First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc., 655 S.E.2d 605 (Ga. 2008)). Therefore, because Plaintiff has not been appointed administrator of Mr. Moore's estate, she does not have standing to bring Mr. Moore's tort claims against Defendants.

So, Plaintiff has standing, as Mr. Moore's mother, to bring the wrongful death claim but, because she has not been appointed administrator of Mr. Moore's estate, she does not have standing to bring the multiple tort claims. "Under circumstances similar to

4

the present case, the Eleventh Circuit recently held that a plaintiff may cure such standing-related deficiencies by amending the complaint . . . because such deficiencies are not a nullity, and the amendment relates back to the original complaint under [Federal Rule of Civil Procedure] 15(c)." Washam-Buford v. City of Prichard, Ala., No. 1:21-CV-199-TFM-MU, 2023 WL 3305164, at *4 (S.D. Ala. May 8, 2023) (citing Iriele v. Griffin, 65 F.4th 1280 (11th Cir. 2023). "Thus, under federal law, it is possible that Plaintiff's original complaint . . . could have been cured had she been appointed administratrix of the Estate, even if such appointment occurred after the statute of limitations passed." Id.

To avoid relation-back issues and in the interest of judicial economy, the Court **ORDERS** this case be **STAYED** pending the appointment of an administrator of Mr. Moore's estate. Once an administrator is appointed, Plaintiff will have an opportunity to amend her complaint. A&E's motion to dismiss, dkt. no. 5, is **DENIED** at this time. A&E will be permitted to renew its motion to dismiss upon Plaintiff's filing an amended complaint.

## CONCLUSION

Defendant A&E's motion to dismiss, dkt. no. 5, is **DENIED** at this time, and this case is hereby **STAYED**. Plaintiff is **ORDERED** to inform the Court, on the record, of the status of Mr. Moore's probate proceedings within **sixty days** of the date of this Order.

5

Plaintiff's failure to do so will result in the dismissal of this action without prejudice.

**SO ORDERED**, this 10 day of July, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA